UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 20-CR-249 (DLF) |
| : | |
| ARIC MASON, : | |
| : | |
| Defendant. : | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by and through its attorneys, the United States Attorney for the District of Columbia and undersigned counsel, hereby files its sentencing memorandum to assist the Court's consideration of the relevant issues. As noted below, Defendant faces an advisory Guidelines range of 8 months to 14 months. For the reasons articulated below, the United States respectfully recommends that the Court impose a sentence of **8** months' imprisonment.

**PROCEDURAL HISTORY**

Defendant was arrested on October 23, 2020, and charged with one count of Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year. (Docket Entry 1). On May 5, 2021, Defendant pled guilty to that offense pursuant to a written plea agreement. (Docket Entries 30-32). On August 23, 2021, Defendant was sentenced to 16 months' incarceration to be followed by 36 months' supervised release. (Docket Entry 48).

Defendant began incurring supervised release violation memoranda for failing to secure employment and for use of controlled substances. (Docket Entries 56, 57); Minute Order 11/2/23; Minute Entry, 1/11/24. On March 5, 2025, Defendant's supervised release was revoked for noncompliance. Defendant was sentenced to 1 day of incarceration to be followed by 24 months' supervised release. Minute Entry, 3/5/25.

1

On May 15, 2025, Defendant incurred a new violation report for failing to secure employment, possessing controlled substances, and using controlled substances. (Docket Entry 68). On June 30, 2025, Defendant submitted a sentencing memo asking to be sentenced for his violation, indicating his refusal to comply. The sentencing hearing is scheduled for August 5, 2025.

## ANALYSIS

I. **UNITED STATES' ANALYSIS OF THE SENTENCING GUIDELINES**

Defendant has committed a Grade B violation of his Supervised Release conditions and, given that he falls within Criminal History Category III, his advisory Guidelines sentence is 8 months to 14 months. The Court may, but need not, sentence Defendant to an additional term of supervised release.

II. **UNITED STATES' SENTENCING RECOMMENDATION**

In his sentencing memorandum, Defendant invokes "the right to be let alone" and asks for a time-served sentence for violating the terms of his Supervised Release. (Docket Entry 70). At its core, Defendant's argument relies on an assertion that Supervised Release is inherently racist and is designed to entrap returning citizens in order to increase their prison sentence. Id. at 2-9. This argument does not fit the reality of Defendant's situation.

As the Supreme Court has recognized, the term of supervised release is "not a punishment" but is, instead, an opportunity for a defendant to receive "post-confinement assistance" with achieving "rehabilitative ends" which might otherwise be beyond the defendant's ability to provide for himself. Estreras v. United States, 606 U.S. ___, ___, 145 S. Ct. 2031, 2041 (2025) (quoting United States v. Johnson, 529 U.S. 53, 59-60 (2000); United States v. Granderson, 511 U.S. 39, 50 (1994)). That is exactly what the Probation Officers have tried to provide to Defendant in this

case – assistance with job readiness and employment programs, drug treatment, and mental health treatment. Defendant has steadfastly refused to comply with the terms of his supervised release; stating, essentially, that he does not wish to get a job or refrain from consuming controlled substances. Unfortunately for Defendant, as Theodore Roosevelt once wrote, "Obedience of the law is demanded; not asked as a favor."

Where, as here, the "defendant violates the conditions of his supervised release, the Court must make its sentencing determination based on "the forward-looking ends of sentencing (deterrence, incapacitation, and rehabilitation)". <u>Esteras</u>, 145 S. Ct. at 2041. Given the need to deter Defendant from refusing to comply with future Court orders, as well as the equally strong need to deter similarly situated Defendants from refusing to comply with the terms of their Supervised Release, the United States respectfully submits that a Guidelines sentence is necessary in this case.

For all of the reasons outlined above, the United States respectfully submits that Defendant should be sentenced to a term of **8** months' imprisonment.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    <u>/s/ James B. Nelson</u>
       JAMES B. NELSON
       D.C. Bar No. 1613700
       Assistant United States Attorney
       Federal Major Crimes Section
       601 D Street, N.W.
       Washington, D.C. 20530
       (202) 252-6986
       james.nelson@usdoj.gov